Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

*Attorney for Plaintiff*
*Terrence MacArthur Randle*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRENCE MACARTHUR RANDLE**<br><br>Plaintiff,<br><br>vs.<br><br>**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**<br><br>Defendant. | Civil Action No. 2:17-at-287<br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. Code §§ 1786.1 *et seq*.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Terrence MacArthur Randle is an adult individual who resides in Tracy, CA.

5. Defendant First Advantage Background Services Corp. (hereafter "First Advantage") is a business consumer reporting agency that regularly conducts business in the Northern District of California, and which has its headquarters and a principal place of business located at 1 Concourse Pkwy, Ste. 200, Atlanta, GA 30328.

## FACTUAL ALLEGATIONS

6. Defendant First Advantage has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information") from at least January 2016.

7. The inaccurate information includes, but is not limited to a "felony possession of controlled substance while armed and accessory" that belong to another consumer.

8. First Advantage, however, has been inaccurately reporting these charges on Plaintiff's consumer report.

9. First Advantage has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10. Specifically, Plaintiff applied for and was originally denied employment with the Wells Fargo in or around January 2016.

11. The basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports, which was a substantial factor for the denial.

12. Plaintiff further received no contemporaneous notice from Defendant First Advantage in connection with the application that public record information was being reported about Plaintiff at the time it sold a consumer report about Plaintiff for employment purposes in compliance with 15 U.S.C § 1681k.

13. Immediately after the sale of the First Advantage consumer report, Plaintiff's employment application was rejected and Plaintiff was informed that the basis for this denial was the multiple derogatory criminal records reported about Plaintiff on Plaintiff's First Advantage consumer report and that the inaccurate information was a substantial factor for the denial.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **FIRST CLAIM FOR RELIEF**

*Violation of FCRA - First Advantage*

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

22. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for:

    (a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and/or

    (b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

23. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along

with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### SECOND CLAIM FOR RELIEF

*Violation of ICRAA – First Advantage*

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is an "investigative consumer reporting agency" as defined by Cal. Civ. Code § 1786.2(d).

26. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 17862(b).

27. The above-mentioned consumer reports were "investigative consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c) and were provided to potential employers for employment purposes as that term is defined by Cal. Civ. Code § 1786.2(f).

28. Pursuant to Cal. Civ. Code § 1786.20, Defendant is liable to the Plaintiff for violating the ICRAA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### JURY TRIAL DEMAND

30. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.


Dated:   March 15, 2017                    Respectfully submitted,

                                           _____
                                           Stephanie R. Tatar
                                           Tatar Law Firm, APC
                                           3500 West Olive Avenue
                                           Suite 300
                                           Burbank, CA 91505
                                           Telephone: (323) 744-1146
                                           Facsimile: (888) 778-5695